UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| HAROLD D. GARRISON, ) | |
| ) | 1:15-cv-00588-RLY-DKL |
| Debtor. ) | |
| _____ ) | |
| ) | Bankruptcy Case No. 14-09237-JMC- |
| JENICE GOLSON-DUNLAP, Trustee, ) | 11 |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. 15-50052 |
| vs. ) | |
| ) | |
| HSBC CAPITAL (USA), INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE
AND DEMAND FOR JURY TRIAL AND MOTION TO DISMISS**

This matter comes before the court on the unopposed motion of the defendant, HSBC Capital (USA), Inc., to withdraw the reference of this adversary proceeding to the United States Bankruptcy Court for the Southern District of Indiana.  HSBC filed the motion with the bankruptcy court on March 27, 2015, and it was docketed in this court on April 13, 2015.  The debtor, Harold D. Garrison, did not respond to HSBC's motion.  On April 27, Garrison moved to convert his Chapter 11 petition to a Chapter 7 liquidation proceeding and HSBC subsequently filed a motion to dismiss the adversary proceeding complaint with prejudice.  The Chapter 7 Trustee, and thus the current plaintiff in this

1

matter, has not opposed either the motion to withdraw the reference or the motion to dismiss. For the reasons stated below, the court **GRANTS** both motions.

I. Background

Garrison is the chairman and chief executive officer of HDG Mansur Investment Services, Inc. and HDGM Advisory Services, Ltd. (collectively "HDG Entities"). (Filing No. 1 ("Motion") at 3). The HDG Entities and Garrison are co-defendants and counterclaim plaintiffs in an action pending in the Southern District of New York. In short, that litigation involves two real estate investment funds—the plaintiffs therein—that entered into Fund Management Agreements ("FMAs") with the HDG Entities. *GPIF Equity Co. v. HDG Mansur Inv. Servs., Inc.*, No. 13-00547, 2013 WL 3989041, at *2 (S.D.N.Y. Aug. 1, 2013). Under the FMAs, the HDG Entities managed the plaintiff funds in exchange for investment and financing fees. At some point, and without notifying the funds, the HDG Entities adopted a new interpretation of certain fee provisions in the FMAs and, accordingly, helped themselves to additional "financing fees." *Id.* at *3. Granting the plaintiff funds' motion for partial summary judgment, the district court concluded that the HDG Entities misappropriated $5.8 million in breach of the FMAs. *Id.* at *10. The HDG Entities—but not Garrison—have a pending counterclaim for breach of contract, alleging they are entitled to certain "co-investment" distributions from the plaintiff funds. Notably, neither the HDG Entities nor Garrison have alleged claims against HSBC relating to co-investment distributions in the New York litigation. (Motion at 5–6).

2

On May 21, 2014, just days before trial on the plaintiffs' remaining claims and the defendants' counterclaims, the HDG Entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this district's bankruptcy court. Garrison sought similar relief under Chapter 11 on October 3, 2014, just one day before trial on the claims against him. Pursuant to 11 U.S.C. § 362, the bankruptcy petitions automatically stayed the litigation of pre-petition claims against the HDG Entities and Garrison.

On March 4, 2015, Garrison filed a Complaint commencing an adversary proceeding against HSBC. (Adversary Proceeding No. 14-09237, Filing No. 1 ("Complaint")). Garrison alleges he "is the trustee, sole owner, and sole beneficiary of the Harold D. Garrison Revocable Trust ("the Trust")," and that the Trust wholly owns HDG Mansur Capital Group, LLC ("Capital Group"). (Complaint ¶¶ 6–7). HSBC is not a party to the New York litigation and has not filed proofs of claims, or otherwise had any involvement, in the bankruptcy proceedings of either the HDG Entities or Garrison's estate.[1] Nevertheless, Garrison alleges breaches of contract and fiduciary duty against HSBC, claiming it withheld paying "co-investment" distributions to the Capital Group. Accordingly, Garrison seeks damages and turnover of the distributions allegedly owed to the Trust, and an injunction against any further disposition of the funds' assets.

Pursuant to Local Rule 83-8(a), the adversary proceeding was automatically referred to the district's bankruptcy court. HSBC subsequently moved to withdraw the

---

[1] The HDG Entities and Garrison filed a third-party complaint against an affiliate, HSBC Securities (USA), Inc., for tortious interference with contract, which the district court dismissed for failure to state a claim. *See GPIF Equity Co. v. HDG Mansur Inv. Servs., Inc.*, No. 13-00547, 2014 WL 129060, at *3 (S.D.N.Y. Jan. 1, 2014).

reference and to demand a jury trial on Garrison's claims. Garrison did not respond to HSBC's motion. On April 27, 2015, Garrison moved to convert his Chapter 11 bankruptcy case to a liquidation proceeding under Chapter 7 of the Bankruptcy Code. On June 5, 2015, HSBC moved to dismiss the adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b). The Chapter 7 Trustee did not respond to the motion to dismiss. The bankruptcy court refrained from ruling on the motion to dismiss in light of the present motion to withdraw the reference. (Bankruptcy Case No. 15-50052, Filing No. 48).

## II.     Discussion

### A.     Motion to Withdraw Reference

HSBC asserts the following in support of its withdrawal motion: (1) Under *Stern v. Marshall*, — U.S. —, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), the bankruptcy court lacks constitutional authority to enter final judgment on Garrison's claims; (2) HSBC has a right to a jury trial on Garrison's claims and expressly declines to consent to a jury trial in the bankruptcy court; and (3) the interest of judicial economy counsels litigating this action in district court. The court agrees with HSBC on each point but need only briefly address the first and second.

The district courts of the United States have "original and exclusive jurisdiction over all cases under title 11." 28 U.S.C. § 1334(a). Congress has granted the district courts authority to refer cases arising under Title 11, proceedings arising in a Title 11 case, or those that relate to a case under Title 11 to the bankruptcy court for the district. 28 U.S.C. § 157(a). In this district, Local Rule 83-8 provides for the automatic referral of

all proceedings arising under Chapter 11, consistent with § 157(a). The district court may withdraw the reference to bankruptcy court "for cause shown." 28 U.S.C. § 157(d).

In core proceedings, the bankruptcy judges may "hear and determine all cases" and "may enter appropriate orders and judgments," subject to appellate review by the district court. 28 U.S.C. §§ 157(b)(1), 158.[2] In *Stern*, the Supreme Court held that Article III of the Constitution "prevents bankruptcy courts from entering final judgment on claims that seek only to 'augment' the bankruptcy estate and would otherwise 'exist without regard to any bankruptcy proceeding.'" *Wellness Int'l Network, Ltd. v. Sharif*, — U.S. —, 135 S. Ct. 1932, 1941, 191 L. Ed. 2d 911 (2015) (quoting *Stern*, 131 S. Ct. at 2614, 2618) (alteration omitted). In other words, that claims asserted in an adversary proceeding may have "*some* bearing on a bankruptcy case" does not authorize the bankruptcy court to decide "any matter which, from its nature, is the subject of a suit at the common law, or in equity, or in admiralty." *Stern*, 131 S. Ct. at 2618 (emphasis in original). "The question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id.*; *see also In re Emerald Casino, Inc.*, 467 B.R. 128, 133 (N.D. Ill. 2012) (noting that, following *Stern*, "bankruptcy courts lack authority to finally adjudicate claims that go beyond the claims allowance process").

---

[2] Section 157(b)(2) of Title 28 contains a non-exhaustive list of core proceedings. In non-core proceedings, the bankruptcy judge may only "submit proposed findings of fact and conclusions of law" for *de novo* review by the district court. 28 U.S.C. § 157(c)(1).

5

Here, Garrison's claims arise not out of his bankruptcy or the resolution of the claims process but out of a contractual relationship between the HSBC and the Capital Group. HSBC has not filed a proof of claim or otherwise participated in Garrison's bankruptcy proceedings. In the complaint, however, Garrison seeks a declaration that his estate is entitled to "unknown damages" (i.e., co-investment distributions) and, accordingly, the turnover of funds pursuant to 11 U.S.C. § 542(a). Likewise, he seeks an injunction against the alleged ongoing misappropriation of assets in which his estate has financial interest. As HSBC notes, entitlement to injunctive or declaratory relief hinges on the merits of Garrison's claims for breach of contract and breach of fiduciary duty— that is, non-core claims. *See, e.g.*, *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997) (noting that core proceedings arise under the Bankruptcy Code in the sense that it is the source of the right or remedy sought, not a means of asserting rights conferred by state law); *LHC, LLC v. Club Sporting Consulting Grp., Inc.*, Nos. 14 C 9703, 14 C 10105, 2015 WL 4158703, at *2 (N.D. Ill. July 8, 2015) (observing that state law claims of breach of contract or breach of fiduciary duty are consistently considered non-core in nature). Although resolution of the claims may impact the bankruptcy proceeding, this fact does not sanction their adjudication in bankruptcy court absent the consent of HSBC. *See LHC, LLC*, 2015 WL 4158703, at *3 (finding cause to withdraw reference where defendants in adversary proceeding neither waived right to jury trial nor consented to trial in bankruptcy court). Therefore, HSBC's motion to withdraw the reference is **GRANTED**. The court now turns to HSBC's motion to dismiss.

### B. Motion to Dismiss

On October 15, 2015, HSBC filed a motion (1) requesting a ruling on its motion to withdraw reference and (2) to dismiss Garrison's complaint with prejudice. (Filing No. 3). HSBC refers the court to its briefing in support of dismissal pending before the Bankruptcy Judge. Consistent with the Trustee's stated intent not to oppose HSBC's motion to dismiss, no response has been filed. Having reviewed HSBC's materials submitted in support of dismissal, the court hereby **GRANTS** the motion to dismiss the complaint with prejudice.

### III. Conclusion

For the foregoing reasons, HSBC's motion to withdraw the reference of the adversary proceeding (Filing No. 1) is **GRANTED**. HSBC's Request for a Ruling on Motion to Withdraw the Reference and to Dismiss Case with Prejudice (Filing No. 3) is **GRANTED in part** and **DENIED in part**. The motion to dismiss the case is **GRANTED**. The request for a ruling on the motion to withdraw the reference is **DENIED as moot**. Final judgment consistent with this Entry shall now issue.

**SO ORDERED** this 5th day of February 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

7